## Jackson v. Pennsylvania Assigned Claims Plan

*Lawrence D. Finney*, for plaintiff.
*Jeffrey A. Less*, for defendant.

WILSON, *J.*, April 25, 1981 — On March 27, 1976, plaintiff, Barbara Jackson, was struck by a motor vehicle while she was crossing an intersection. On April 3, 1978, plaintiff filed an action in assumpsit against defendant, Pennsylvania Assigned Claims Plan, to recover, inter alia, medical expenses incurred as a result of injuries sustained in the accident. The sole issue this court is asked to decide is whether the applicable statute of limitations under the No-fault Motor Vehicle Insurance Act precludes plaintiff from recovery.

Section 106(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.106(c)(1) establishes a limitation of actions as follows: "If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim *suffers the loss* and either *knows, or in the exercise of reasonable diligence should have known,* that the *loss* was caused by the accident, or not later than four years after the accident, whichever is earlier." (Emphasis supplied.)

Indeed, a determination of this court that a time period of more than two years elapsed between plaintiff's loss and commencement of this action would completely bar her recovery. Section 103 of the Act, 40 P.S. § 1009.103, defines loss as "accrued economic detriment resulting from injury arising out of the maintenance or use of a motor vehicle. . . ." This definition has the effect of distinguishing "loss" from "injury arising out of." The statutory period to bring suit is thus not necessarily commenced at the time of the accident or the injury, but rather when the injured party has actual or constructive knowledge of a motor vehicle related accrued economic detriment.

The plain language of section 1009.106(c)(1), 40 P.S. §1009.106(c)(1), is in obvious conflict with 42 Pa.C.S.A. §5524, Limitation In Case of Personal Injury. The relevant parts of section 5524 require that a suit to recover damages for wrongful injuries must be brought within two years from the time when the "injury was done." The conflicting words which are dispositive of the issue presented before this court are the words "loss" in the No-fault Act and "injury" in the Personal Injury Statute. Our legislature uses these two words to start the commencement of the running of the two years limitation of actions for wrongful injury. To reconcile these two statutes, we must look to the legislative promulgation of the Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. §563, (repealed, see now 1 Pa.C.S.A. §1933), Particular Controls General, which states, "Whenever a general provision in a law shall be in conflict with a special provision in . . . another law . . ., the special provisions shall prevail and shall be construed as an exception to the general provision. . . ." Here in keeping with the spirit and intent of 46 P.S. §563, the special provisions of the No-fault Act which uses the phrase "suffer the loss" would be controlling over the General Provisions of section 5524 of Limitation of Actions Statute which uses the phrase "injury was done" to begin the running of the two year period in which to bring suit.

Additional statutory support for using the word "loss" is found in an examination of 42 Pa.C.S.A. §5501(a), which reads "an action . . . must be commenced within the time specified in or pursuant to this chapter unless in the case of an action . . . a different time is provided by . . . another statute. . . ." 42 Pa.C.S.A. §5524 of the same title specifies a two year limitation for action to recover

damages for injuries. Sections 5501 and 5524 combine to give section 1009.106(c)(1), 40 P.S. §1009.106(c)(1), of the No-fault Act prevalence computing the starting date of the statutory limitation as the date that loss was suffered.

Having determined that a loss suffered by injured plaintiff commences the two year statutory period, the court now examines the accrued economic detriment suffered loss, which would allow an action in assumpsit to be brought under the No-fault Statute. Section 1009.202, 40 P.S. §1009.202, defines the types of losses recompensable under the No-fault Statute; namely allowable expenses, work loss, replacement services loss, and services loss. Allowable expenses is defined in section 1009.103, 40 P.S. §1009.103, as, *inter alia,* "reasonable charges incurred for, or the reasonable value of (where no charges are incurred), reasonably needed and used . . . (a) professional medical treatment and care." It follows then that this treatment and care is to be performed by a person in the medical profession trained to examine the patient and diagnose if, in actuality, there was an injury, and to what extent an injury was suffered. The rendering of services by a medical professional gives rise to monetary compensation for those services rendered. Those charges are an economic detriment to the injured party and accrue as they are performed. A recent common pleas court decision made a valiant effort in attempting to define when the accrued economic detriment becomes recompensable. In Trimiew v. Keystone Insurance Co., 10 D. & C. 3d 492 (1978), The Honorable Judge Forer articulated the standard to be used as (a) the filing of the Pennsylvania No-fault Motor Vehicle Insurance Act Attending Physician's Report, or (b) four years after the date of the accident. We believe that

part (a) goes too far in allowing the physician's post-treatment conduct to control the beginning of the injured party's accrued economic detriment. This court's theory is that the first dollar earned by the physician in either examination, diagnosis or treatment, along with a reasonable belief by the patient that the injury manifested was a product of the accident for which plaintiff is bringing suit constitute the requisite accrued economic detriment. This court's standard will avoid a physician's dilatory filing of the No-fault Physician's Report from delaying plaintiff's cause. Nor will procrastinating plaintiffs be allowed to file a suit beyond the two year statutory limitation of when he actually or constructively has knowledge of the loss. We concur, however, with the court in part (b) Trimiew, that the victim has four years from the date of the accident in which to bring the action in some cases. The four year limitation is designed to allow the victim to recover medical expenses for an injury suffered which may manifest itself even beyond the two year period. Precedent for extending the statutory limitation past the two year period is shown in Salvado v. Prudential Property and Casualty Insurance Company, 287 Pa. Superior Ct. 304, 430 A. 2d 297 (1981), where our Superior Court held the statute of limitations was tolled to allow plaintiff time to shed his legal disability as a minor to bring an action for additional benefits. This tolling of the statute allowed claimant to bring suit more than three years after the accident.

In the case at bar plaintiff was struck by a hit and run driver on March 27, 1976, and was hospitalized the same day. She commenced action on April 6, 1978. Applying our statutory interpretation of the various sections of the No-fault Act to these facts, the court concludes that the running of the statute

began, not from the date of the accident, but from the date of her hospitalization. Unfortunately for plaintiff, these two facts occurred on the same day and accordingly, her suit was filed seven days too late to allow her to recover.

Therefore this court holds the Statutory Limitation of section 1009.106(c)(1), 40 P.S. §1009.106(c)(1) bars plaintiff from bringing an action in assumpsit to recover allowable expenses.